Bruce D. OVITZ, Plaintiff,

v.

JEFFERIES & COMPANY, INC., et al., Defendants.

No. 82 C 6651.

United States District Court,
N.D. Illinois, E.D.

Dec. 20, 1982.

Bruce S. Sperling, Mitchell H. Machnin, Sperling, Slater & Spitz, Chicago, Ill., for plaintiff.

Richard C. Bollow, Jenner & Block, Chicago, Ill., for defendants.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Bruce D. Ovitz ("Ovitz") has filed a three-count Complaint against his former employer Jefferies & Company, Inc. ("Jefferies"), Jefferies' profit sharing plan (the "Plan") and the Plan's administrators (the

"Administrators"), challenging the refusal to pay Ovitz (1) interest on his Profit Sharing Account from January 1, 1981 to the date the Account was paid him and (2) a pro-rata share of Jefferies' 1981 contributions to the Plan:

1. Count I asserts the Plan's refusal to pay Ovitz those additional amounts violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1101–45, and specific provisions of the Plan itself.

2. Count II charges ERISA infractions and state law fiduciary breaches by the Administrators.

3. Count III is a breach of contract claim against Jefferies.

Ovitz has requested a jury trial on all three counts, and defendants have moved to strike the jury demand. For the reasons stated in this memorandum opinion and order, defendants' motion is denied.

Relying heavily on *Wardle v. Central States, Southeast and Southwest Areas Pension Fund,* 627 F.2d 820 (7th Cir.1980), defendants contend the ERISA claims in Count I and II are equitable in nature and thus ineligible for jury determination. They also dispute Ovitz' asserted right to jury trial on the state law claims in Counts II and III because those claims (1) share the same factual nucleus as the ERISA claims and are therefore equitable in character and (2) are in any event preempted by ERISA, *see* 29 U.S.C. § 1144(a).

But *Wardle* actually refutes the premise of defendants' resistance to Ovitz' jury demand—that his ERISA claims are equitable. *Wardle* treated suits for pension benefits as equitable because of their resemblance to equitable suits brought in state courts under the law of trusts. It contrasted "suits for pension benefits by disappointed applicants" (said to be "equitable in character," 627 F.2d at 829), with remedies at law against a trustee (*id.*):

This conclusion has been based primarily on the law of trusts, which provides a

beneficiary with a legal remedy only with respect to money the trustee is under a duty to pay unconditionally and immediately to the beneficiary. *Restatement (Second) of Trusts* §§ 197–198 (1959).

Wardle himself was held to assert an equitable claim because, as a "disappointed applicant" contesting exclusion from the class of beneficiaries eligible to participate until future retirement or death, he was of course not entitled to "unconditional" and "immediate" payment.

In stark contrast, Ovitz' ERISA (and state law) claims are predicated on defendants' alleged obligation to pay him certain amounts both "unconditionally and immediately" upon his resignation from Jefferies. Thus *Wardle* itself confirms the legal nature of the relief sought in Ovitz' Complaint [1] and hence the propriety of his jury demand.

### Conclusion

Ovitz is entitled to a jury trial on his claims. Defendants' motion to strike his jury demand is denied.

---

1. Defendants' preemption argument (which was not adequately briefed in any event) will   be left for another day.