Vincent K. and Joan **GANGITANO**, and **Broward County Health Corp.**, d/b/a **Sunrise Rehabilitation Hospital**, Plaintiffs,

v.

**NN INVESTORS LIFE INSURANCE CO., INC.**, Defendant.

**No. 88–6677–CIV.**

United States District Court, S.D. Florida.

March 28, 1990.

Robert F. Jordan, Fort Lauderdale, Fla., for plaintiffs, Vincent K. and Joan Gangitano.

Susan M. Seigle, for plaintiff, Broward County Health Corp., d/b/a Sunrise Rehabilitation Hosp.

C. Robert Murray, Jr., Miami, Fla., for defendant, NN Investors Life Ins. Co., Inc.

### ORDER DETERMINING THAT PLAINTIFFS ARE ENTITLED TO TRIAL BY JURY

GONZALEZ, District Judge.

Plaintiffs, VINCENT K. and JOAN GANGITANO move this Court to enter an order determining that plaintiffs are entitled to trial by jury in this action; or in the alternative, move this Court pursuant to Fed.R.Civ.P. 39(c) to empanel an Advisory Jury.

This is an action for the recovery of medical insurance benefits under a policy issued by defendant NN Investors Life Ins. Co. to Plaintiff's employer, Office Installations, Inc. This Court has previously determined that the cause is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").

Plaintiff, VINCENT GANGITANO suffered a brain stem hemorrhage in October, 1987, requiring approximately $850,000. in medical treatment. Plaintiffs made a claim through NN Investors Life Insurance Co. The claim was ultimately denied on the sole ground that Plaintiff's brain stem hemorrhage was the result of a pre-existing medical condition. Following Defendant's denial of benefits, VINCENT GANGITANO and JOAN GANGITANO, his wife, filed a suit in Broward County Circuit Court. That action was thereafter removed to this Court.

As noted, this Court has previously ruled that the action is governed by ERISA.

The issue before this Court is whether plaintiffs have a Seventh Amendment right to have this ERISA claim tried by a jury. Plaintiffs do not seek and are not in need of any injunctive or other equitable relief.

In the parlance of ERISA, VINCENT GANGITANO and JOAN GANGITANO are pursuing a claim "to recover benefits due him under the terms of his plan". *See,* 29 U.S.C. § 1132(a)(1)(B). The Supreme Court has recently held that in such cases, the claimant is entitled to *de novo* review. *Firestone Tire and Rubber Co. v. Bruch,* —— U.S. ——, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989); *Baker v. Big Star Division of the Grand Union Co.,* 893 F.2d 288, 290–292 (11th Cir.1989). The fact finder will therefore be determining nothing more than whether defendant's pre-existing defense is or is not applicable; and if it is not, the dollar amount of plaintiff's damages.

Plaintiffs' claim is, therefore, nothing more than a breach contract claim for the recovery of money damages.

The Eleventh Circuit has held that a claimant is not entitled to a jury trial in an action under § 1132(a)(1)(B). *Chilton v. Savannah Foods and Industries, Inc.,* 814 F.2d 620, 623–624 (11th Cir.1987); *Calamia v. Spivey,* 632 F.2d 1235, 1237 (5th Cir. 1980); *See also, Howard v. Parisian, Inc.,* 807 F.2d 1560, 1566–1567 (11th Cir.1987). The issue which remains undecided is whether the Seventh Amendment to the United States Constitution guarantees a claimant the *constitutional* right to a trial by jury in a § 1132(a)(1)(B) action.

This Court finds that such a constitutional right does exist.

In *Granfinanciera, S.A. v. Nordberg,* —— U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), a bankruptcy trustee brought an action in District Court to recover an allegedly fraudulent transfer. The claim was that the debtor had transferred or paid approximately $1.7 million dollars to the defendants, and that such transfers were avoidable under the bankruptcy code. The trustee sought only money damages. *Id.* 109 S.Ct. at 2787.

The fraudulent transfer provisions on which suit were brought were specifically defined as "core proceedings", 28 U.S.C. § 157(b)(2)(H), which the bankruptcy judge was authorized to decide as the finder of fact under 28 U.S.C. § 157(b)(1). Both the District Court an the Eleventh Circuit denied the defendants' claim that defendants' were entitled to trial by jury under the Seventh Amendment. The Supreme Court reversed and held that the defendants were constitutionally entitled to a jury trial under the Seventh Amendment. *Id.* 109 S.Ct. at 2787.

The Supreme Court reasoned that the Seventh Amendment guarantees a right to trial by jury in actions at law. The Seventh Amendment also applies to "actions brought to enforce statutory rights that are analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century...." *Id.* at 2787–2788. The fraudulent transfer actions, when the object was the recovery of money, were brought at law in 1791, and because these claims involved the "private rights" of the parties, Congress could not require the claims to be tried in a non-jury forum. *Id.*

The reasoning of *Nordberg* is directly applicable to the present case.

As recently as March 20, 1990, the United States Supreme Court again upheld the Seventh Amendment constitutional right of a litigant to a jury trial in the case of *Chauffeurs, Teamsters and Helpers, Local 391 v. Thomas C. Terry, et al.,* —— U.S. ——, 110 S.Ct. 1339, 108 L.Ed.2d 519.

In *Chauffeurs,* an employee sued for a unions' alleged breach of its duty of fair representation. Concluding that the action was a legal one and that the money damages plaintiffs sought were of the type traditionally awarded by courts of law, the Court held that the Seventh Amendment entitled plaintiffs to a jury trial. The statutory right created under § 1132(a)(1)(B) for recovery of benefits is essentially a breach of contract action. Many courts have recognized this in holding that the forum state's statute of limitations for contract actions is applicable to § 1132(a)(1)(B) actions. *Fogerty v. Metropolitan Life Ins. Co.,* 850 F.2d 430, 432–433 (8th Cir.1988).

There is certainly no question that a breach of contract action seeking money damages only was triable at law in 1791.

Since Plaintiffs' cause of action for benefits is essentially a contract action, Plaintiffs are entitled to a trial by jury under the Seventh Amendment of the Constitution of the United States.

DONE AND ORDERED.