# NORTHWESTERN NATIONAL LIFE INSURANCE v DAVID
## Case No. CL-89-13408-AD
Fifteenth Judicial Circuit, Palm Beach County

April 22, 1991

## OPINION OF THE COURT

ROBERT M. GROSS, Circuit Judge.

### *ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S DEMAND FOR JURY TRIAL*

This case came before the Court on April 11, 1991 on Plaintiff's Motion to Strike Defendant's Demand for Jury Trial. Both sides were present through counsel. In this case, Plaintiff sued Defendant to recover payments made pursuant to her husband's disability insurance policy. Plaintiff contends that Defendant cashed checks which it erroneously sent to Defendant's husband after his death. Defendant answered the complaint and filed a counterclaim. The counterclaim concerned a life insurance policy which had been provided to her husband as an incident of his employment. In her counterclaim, Defendant contends that her husband was an "executive officer" of his

company entitled to a life insurance death benefit of $150,000. Plaintiff contends that Defendant's husband's job status was that of an "employee" such that the $75,000 policy benefit which Defendant received was appropriate. Thus, the narrow factual issue of the counterclaim is the job classification of Defendant's husband at the time he became disabled. Unlike a claim on a medical insurance plan issued pursuant to ERISA, which is equitable in nature, *e.g., Blake v Union-Mutual Stock Life Ins. Co. of America,* 906 F. 2d 1525 (11th Cir. 1990), the issue in this case is a narrow factual issue typical of actions at law. If Defendant prevails on the disputed factual issue, her right to payment will be immediate and unconditional. *See, Wardle v Central States Pension Fund,* 627 F. 2d 820, 829 (7th Cir. 1980), *cert. denied,* 449 U.S. 1112 (1981); *Ovitz v Jefferies & Co.,* 553 F. Supp. 300 (N.D. Ill. 1981). Accordingly, a right to a jury trial exists. *Transamerica Occidental Life Insurance Co. v DiGregorio,* 811 F. 2d 1249, 1251, n. 2 (9th Cir. 1987); *Gangitano v NN Investors Life Ins. Co.,* 733 F. Supp. 342 (S.D. Fla. 1990). Accordingly, it is

ORDERED AND ADJUDGED that Plaintiff's Motion to Strike Defendant's Demand for Jury Trial is denied.

DONE AND ORDERED in West Palm Beach, Florida this 22nd day of April, 1991.