Bernice **SHAHRABANI**, Plaintiff,

v.

**NOVA UNIVERSITY**, Defendant.

No. 88–6877–CIV.

United States District Court,
S.D. Florida.

Dec. 5, 1991.

Marlowe J. Blake, Miami, Fla., for plaintiff.

Raymond Holton, Susan Maurer, Fort Lauderdale, Fla., for defendant.

ORDER

GONZALEZ, District Judge.

THIS COURT has requested that the parties in this Title IX action brief the issue of whether or not the plaintiff is entitled to a jury trial. The parties have submitted their respective briefs.

In addition, defendant Nova University has filed a motion to dismiss the plaintiff's claim for monetary damages, and plaintiff has responded thereto in a timely fashion.

The plaintiff in this action has alleged that she was dismissed from the defendant's psychology doctorate program due to her sex. Accordingly, this matter falls under Title IX of the Education Amendments of 1972, which is codified at Chapter 20 of the United States Code, sections 1681–1688.

This Court has previously followed the Supreme Court's direction in *Chauffers, etc. v. Terry*, 494 U.S. 558, 110 S.Ct. 1339, 1349, 108 L.Ed.2d 519 (1990), and ruled that when a Seventh Amendment right is involved, a litigant is entitled to a jury trial. *Gangitano v. NN Investors Life Ins. Co.*, 733 F.Supp. 342, 343 (S.D.Fla.1990) (Gonzalez, J.). Specifically, this Court held that because the plaintiffs' statutory claim[1] was essentially a breach of contract claim, the plaintiffs were entitled to a jury trial. In reaching this conclusion, this Court reasoned that " 'actions brought to enforce statutory rights ... analogous to common-law causes of action ...' " triggered the litigants Seventh Amendment right to a jury trial. *Id., quoting, Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 2787–2788, 106 L.Ed.2d 26 (1989).

Further analysis of Title IX cases, however, has led this Court to conclude that this Title IX action is not a common law action.

Recently, the Circuit Court of Appeals for the Eleventh Circuit has held that damages are not available in a Title IX action such as the case at bar. *Franklin v. Gwinett County Public Schools*, 911 F.2d 617, 622 (11th Cir.1990).[2] Further, the court stated that Title IX cases, by their nature, lend themselves to limited remedies which are equitable in nature. *Id.* at 621; *Guardians Association v. Civil Service Commission*, 463 U.S. 582, 596–599, 103 S.Ct. 3221, 3229–3231, 77 L.Ed.2d 866 (1983).[3]

The Supreme Court has long held that Title IX private rights of action are akin to Title VI actions. *Cannon v. University of Chicago*, 441 U.S. 677, 694–696, 99 S.Ct. 1946, 1956–1957, 60 L.Ed.2d 560 (1979); *Franklin*, 911 F.2d at 619. In fact the Court has reasoned that the two statutes are identical except that the protected classes in Title IX cases are gender classes, as opposed to racial classes in Title VI cases. *Cannon*, 441 U.S. at 694–696, 99 S.Ct. at 1956–1957; *Franklin*, 911 F.2d at 619.

This judicial circuit has also held that a Title VI cause of action is no more than a vehicle to stop or enjoin discrimination, and that damages are not available to Title VI litigants. *Drayden v. Needville Indep. School Dist.*, 642 F.2d 129, 133 (5th Cir. Unit A April 1981).[4] The *Franklin* court found that because the Supreme Court did not overrule *Drayden*, and because Congress did not explicitly provide for compensatory relief in Titles IX and VI, damages

---

1. Plaintiffs' claim was an action for the recovery of medical insurance benefits under a policy issued by the defendant, and thus, was governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et. seq. Gangitano*, 733 F.Supp. at 342.

2. *Accord, Cannon v. University of Chicago*, 710 F.2d 351, 356 (7th Cir.1983); *Lieberman v. University of Chicago*, 660 F.2d 1185, 1188, *cert. denied*, 456 U.S. 937, 102 S.Ct. 1993, 72 L.Ed.2d 456 (1982); *Guardians Ass'n of New York City v. Civil Serv.*, 633 F.2d 232, 273 (2d Cir.1980) (Coffrin, J., concurring), *aff'd*, 463 U.S. 582, 103 S.Ct. 3221, 77 L.Ed.2d 866 (1983).

3. *But see, Lipsett v. Univ. of Puerto Rico*, 745 F.Supp. 793, 797 (D.P.R.1990) (issue of whether damages available under Title IX not resolved

because case was dismissed due to the defendant's qualified immunity); *Beehler v. Jeffes*, 664 F.Supp. 931, 940 (M.D.Pa.1986) (money damages are available for intentional discriminatory violations of Title IX); *Storey v. Board of Regents of Univ. of Wisconsin System*, 604 F.Supp. 1200, 1202–1206 (W.D.Wis.1985) (Although Title IX is silent as to its remedies other than the administrative termination of funds, the Supreme Court's opinion in *Guardians* suggests that a money damages award under Title IX may be appropriate).

4. The decisions of the United States Court of Appeals for the Fifth Circuit rendered prior to October 1, 1981 are binding precedent for this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

are unavailable under both acts. *Franklin*, 911 F.2d at 622.

For the foregoing reasons, this Court finds that the plaintiff is not entitled to a jury trial, and is likewise not entitled to monetary damages in this Title IX action. Accordingly, any request by any party for a jury trial will be denied, and the defendant's motion to dismiss the plaintiff's claims for monetary damages will be and is hereby granted.

It is so Ordered.