**M. Liliana PADILLA DE HIGGINBOTHAM, et al., Plaintiffs,**

**v.**

**WORTH PUBLISHERS, INC., Defendant.**

**Civ. No. 92–1270(PG).**

United States District Court,
D. Puerto Rico.

May 7, 1993.

Andrés Guillemard–Noble, Law Offices of Harvey B. Nachman, Santurce, P.R., for plaintiffs.

Richard Shell–Asad, Law Offices of Benjamín Acosta, Jr., Old San Juan, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENÉZ, District Judge.

### I. Introduction:

This is an action for damages sought under Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. Sec. 5141. Third-party defendant moved to strike plaintiffs' jury demand. Plaintiffs opposed. We shall consider the arguments below.

### II. Background:

On March 3, 1992, plaintiffs filed a complaint against Worth Publishers, Inc., (hereinafter "Worth") under Article 1802 of the Civil Code of Puerto Rico, *supra.* They contend that due to Worth's misrepresentations and negligent or intentional actions they were unable to obtain disability benefits. Plaintiffs argue that Worth's misrepresentations induced them to believe that they were covered under the short-term disability program. However, they allege that not only were they not covered under the aforementioned program but that Worth's actions resulted in the denial of long-term disability benefits since the time limit to apply for said benefits elapsed.

Worth filed a third party complaint against First Unum Life Insurance Company (hereinafter "UNUM"), on October 13, 1992.

In turn, on December 15, 1992, UNUM filed a motion to strike jury demand. UNUM alleges that since the third party complaint relates to a claim for group insurance benefits, it is preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). They argue that because there is no right to a jury trial in actions under ERISA, the third party plaintiff's demand for a jury trial should be stricken.

On January 21, 1993, plaintiffs' opposition to third party defendant's motion to strike jury demand was filed. In said motion, plaintiffs allege that theirs is solely an action for damages under Article 1802 of the Puerto Rico Civil Code and, as such, they are entitled to jury trial.

### III. Discussion:

#### A. The Preemption Claim:

■ First, third-party defendants allege that, while plaintiffs are claiming damages under Article 1802 of the Civil Code of Puerto Rico, the action at hand relates to a claim for group insurance benefits, and, as such, is preempted by ERISA. According to the statute, ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." 29 U.S.C. § 1144(a).

However, Article 1802 of the Puerto Rico Civil Code is a general statute which exists irrespective of the presence of an ERISA plan. Said article states: "A person who by act or omission causes damages to another, through fault or negligence, shall be obliged to repair the damage so done. Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity." 31 L.P.R.A. sec. 5141.

The present cause of action is merely one to recover damages caused to plaintiffs by Worth's negligence and misrepresentations. Thus, the damages sought in this claim fall solely under Article 1802 of the Civil Code of Puerto Rico, *supra.* Furthermore, because the action at hand is not one that requires the interpretation of the plan itself, it does not "relate to" ERISA, so it is not preempted by ERISA.

#### B. Right to trial by jury in ERISA actions:

■ Secondly, third-party defendants argue that no right to jury trial exists in ERISA actions, so their motion to strike jury demand ought to be granted.

Although ERISA does not expressly grant the right to trial by jury, neither does it categorically deny it. The general rule is that whether or not trial by jury is granted depends on the nature of the claims being disputed. Jury trial would be unsuitable if such claims are equitable. However, if their nature is legal, trial by jury would be appropriate. *See Abbarno v. Carborundum Co.,*

50

682 F.Supp. 179 (W.D.N.Y.1988); *Pollock v. Castrovinci*, 476 F.Supp. 606 (S.D.N.Y.1979).

 The courts have begun to recognize the difference between "legal" relief in ERISA actions, provided in 29 U.S.C. § 1132(a)(1)(B), and "equitable" relief provided in 29 U.S.C. § 1132(a)(3). *See Cox v. Keystone Carbon Co.*, 861 F.2d 390 (3rd Cir. 1988). In *Katsaros v. Cody*, 744 F.2d 270 (2nd Cir.1984), the Second Circuit concluded that "there is no right to a jury trial of ERISA actions against pension fund trustees seeking the equitable remedy of restitution," 744 F.2d at 278. However, they distinguished these cases, which seek equitable relief, from those seeking "damages for wrongdoing or non-payment of benefits," *id.*, which are legal in nature.

Furthermore, recent decisions have come to the conclusion that the Seventh Amendment right to a jury trial exists in certain ERISA actions, namely, actions at law brought under 29 U.S.C. § 1132(a)(1)(B). *See Rhodes v. Piggly Wiggly Alabama Distributing Co.*, 741 F.Supp. 1542 (N.D.Ala. 1990); *Gangitano v. NN Investors Life Ins. Co., Inc.*, 733 F.Supp. 342 (S.D.Fla.1990); *Vicinanzo v. Brunschwig & Fils, Inc.*, 739 F.Supp. 882 (S.D.N.Y.1990). In addition, the court in *Vicinanzo, supra,* observed that "perhaps because the right to a jury trial on claims of legal entitlement is so obvious, ERISA makes no express provision for jury trials ..." 739 F.Supp. at 885.

The present action is not one where equitable relief is being sought. Rather, it is a case where plaintiffs seek an award for damages caused by Worth's misrepresentations and negligent or intentional actions, which rendered them unfit to obtain disability benefits. Therefore, since plaintiffs' claims are legal in nature, trial by jury is appropriate.

#### IV. *Conclusion:*

After careful consideration of the arguments, this Court believes that the present is an action for damages governed solely by Article 1802 of the Puerto Rico Civil Code, *supra.*

In addition, even if the present action had been preempted by ERISA, trial by jury would still be appropriate since we are dealing, not with an equitable remedy but with an action seeking legal relief.

WHEREFORE, in view of the above, third party defendant's motion to strike jury demand is hereby **DENIED.**

**IT IS SO ORDERED.**