Daniel W. **SHELLEY**, et al., Plaintiffs,

v.

**TRAFALGAR HOUSE PUBLIC LIMITED CO., et al.,** Defendants.

No. 91–1213 **(DRD).**

United States District Court, D. Puerto Rico.

Nov. 17, 1997.

John F. Malley–Vega, San Juan, PR, for Plaintiffs.

Theodore J. Theophilos, John G. Hutchinson, Elizabeth M. Sacksteder, Sidley & Austin, New York City, Salvador Antonetti–Zegueira, Fiddler, Gonzalez & Rodriguez, San Juan, PR, for Defendants.

### OPINION AND ORDER

DOMINGUEZ, District Judge.

■ Pending before the court is Defendants' Motion to Strike Jury Demand. (Docket No. 190.) The Seventh Amendment guarantees the right to a jury trial on all legal suits, rather than suits in equity or admiralty. Thus, the issue before the court is whether Plaintiffs' *culpa in contrahendo* suit is legal or equitable in nature.

■ Defendants argue that the *culpa in contrahendo* suit is analogous to the promissory estoppel suit—an action in equity—and, therefore, Plaintiffs do not have a constitutional right to a jury trial. Plaintiffs counter, however, that the suit is one in torts—an action in law—and, therefore, a jury trial is constitutionally mandated. For the reasons stated below, the court finds that Plaintiffs are entitled to a jury trial.

### I.  Standard

The Seventh Amendment provides, in relevant part, that "[i]n suits at common law, where the value at controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. The phrase "common law" found in this clause is used in contradistinction to equity and admiralty. *In Re N–500L Cases*, 691 F.2d 15, 19 (1st Cir.1982). Hence, the court must determine if a suit is one in law or in equity so as to determine whether a plaintiff has a right to a jury trial.

■ In making this determination, the court must keep in mind that "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Chauffeurs, Teamsters & Helpers Local No. 391 v. Terry*, 494 U.S. 558, 565, 110 S.Ct. 1339, 1344, 108 L.Ed.2d 519 (1990). The United States Supreme Court has further stated: "The federal policy favoring jury trials is of historic and continuing strength." *Simler v. Conner*, 372 U.S. 221, 222, 83 S.Ct. 609, 610, 9 L.Ed.2d 691 (1963), *quoted in Gallagher v. Wilton Enterprises, Inc.*, 962 F.2d 120, 122 (1st Cir.1992).

■ In diversity cases, such as the one at hand, the substantive claim asserted is always based on state law, "but the characterization of that state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law." *Gallagher*, 962 F.2d at 122. Therefore, the court "must look first to the state law to determine the elements of the cause of action and the propriety of the remedies sought. This done, the court should turn to federal law to 'characterize' the action and remedies as either legal or equitable." *Id. See Abbott v. Bragdon*, 882 F.Supp. 181, 182 (D.Me.1995). *See also Tull v. United States*, 481 U.S. 412, 417, 107 S.Ct. 1831, 1835, 95 L.Ed.2d 365 (1987) (holding that the inquiry under the Seventh Amendment focuses on the nature of the action and of the remedy sought).

## II. Action: Legal or Equitable

The court must determine first the nature of the *culpa in contrahendo* action brought pursuant to Puerto Rico law. In the seminal case of *Producciones Tommy Muniz v. COPAN*, 113 P.R. Dec. 517, 528, 1982 WL 210537 (1982) [hereinafter *"COPAN"*], the Puerto Rico Supreme Court plainly stated that *culpa in contrahendo* is a tort claim based on Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann., tit. 31 § 5141 (1991).[1] In the federal arena sitting in Puerto Rico, the courts have also held that the *culpa in contrahendo* action "is necessarily based on Art. 1802 of the Civil Code for damages resulting from negligent acts or omissions" and, therefore, falls within the torts ambit. *Ocaso v. Puerto Rico Maritime Shipping Authority*, 915 F.Supp. 1244, 1258 (D.P.R.1996). *See also Prime Retail, L.P. v. Caribbean Airport Facilities, Inc.*, 975 F.Supp. 148 (D.P.R.1997) (stating that, pursuant to Article 1802 and *COPAN*, "Puerto Rico law provides for a tort claim of *culpa in contrahendo*, which binds parties to act in good faith during preliminary negotiations"). Further, an action pursuant to Article 1802 is legal in nature, entitling a plaintiff to a jury trial. *See Padilla de Higginbotham v. Worth Publishers, Inc.*, 820 F.Supp. 48, 50 (D.P.R. 1993).

In characterizing the *culpa in contrahendo* action under federal law, the court arrives at the same conclusion by comparing the elements of both the *culpa in contrahendo* and the common law tort actions. The essential elements of a common law tort action are "duty, breach, causation (actual and proximate), and damages." *Swift v. United States*, 866 F.2d 507 (1st Cir.1989). In parallel, the elements of the *culpa in contrahendo* are a culpable act or omission, resulting damages and a causal relation between the conduct and the result. *COPAN*, 113 P.R. Dec. at 529. In addition, a culpable act arises from a breach of the duty to act in good faith

during preliminary contract negotiations. *Id.* at 528. Since the *culpa in contrahendo* action has the same elements as the common law tort action—to wit, duty, breach, causation and damages—the court must necessarily characterize the *culpa in contrahendo* action as a legal action in torts. *See In Re N-500L Cases*, 691 F.2d 15, 21 (1st Cir.1982) (stating that actions in tort are legal actions, rather than equitable).[2]

## III. Remedies: Legal or Equitable

Having determined that the action is legal in nature, the court must now determine the nature of the *culpa in contrahendo* remedies. The matter is close under this scrutiny.

Remedies sought in Article 1802 tort actions are legal in nature. *See Padilla de Higginbotham v. Worth Publishers, Inc.*, 820 F.Supp. 48, 50 (D.P.R.1993). Yet, Defendants cite *Satellite Broadcasting Cable, Inc. v. Telefonica de Espana, S.A.*, 807 F.Supp. 218 (D.P.R.1992) to argue the contrary. In *Satellite*, the court stated that, in *culpa in contrahendo* suits, "liability will extend only to the damages caused, so that the injured party may be restored to the same position it was prior to the commencement of the negotiations." *Id.* at 221 (citing Pedro F. Estenza–Escobar, La Responsabilidad Precontractual en Derecho Puertorriqueño, 7 Rev. Der. Puertorriqueño 105, 106 (1963)). Defendants argue that, as in *Satellite*, damages will only place Plaintiffs in the same position in which they were before negotiations, being merely restitutionary remedies and, therefore, equitable in nature. However, Defendants' argument does not necessarily follow from the holding in *Satellite*. The court explains.

In the case of *In re Acushnet River & New Bedford Harbor*, 712 F.Supp. 994, 1002 (D.Mass.1989), the court disagreed with the defendant's argument that, because the award of costs incurred by the plaintiff would return the plaintiff to its *"status quo ante,"* such an award should be properly

---

1. Having clearly held that the action was one in torts, the court noted the existence of comparable actions in non-civil law jurisdictions, such as promissory estoppel and negligent misrepresentations. *COPAN*, 113 P.R. Dec. at 530.

2. See also a previous decision in this same case, where the court determined that Puerto Rico law—the law of the forum—was applicable in this case because it is, precisely, an action in torts. *Shelley v. Trafalgar House Public Limited Co.*, 918 F.Supp. 515, 522–23 (D.P.R.1996).

characterized as restitution and, therefore, as equitable in nature. In *Acushnet*, the court believed that the defendant's position was incorrect, stating the following: "Were the Court to accept the argument that monetary reward is restitutionary simply because it returns a party to pre-injury status, little would be left in the realm of compensatory damages." *Id.* Although in the case at hand the court did not allow traditional "compensatory damages" as such, the court did authorize damages for lost opportunities not speculative in nature. *Shelley v. Trafalgar House Public Ltd. Co.*, 977 F.Supp. 95 (D.P.R.1997). Moreover, the court in *Acushnet* added that, even if recovery were restitutionary, the analysis would not end there because "the label 'restitution' is not a talisman before which all distinctions between legal and equitable issues must disintegrate." *Id.* Hence, even if *culpa in contrahendo* damages are restitutionary, they may not be necessarily or exclusively equitable in nature. In the instant case, the court has authorized the remedy of "damages for lost opportunities ... not speculative in nature," *Shelley v. Trafalgar House Public Ltd. Co.*, 977 F.Supp. 95 (D.P.R.1997), clearly beyond the traditional label of restitution and closer to a tort, warranting a jury determination.

■ At the very least, the question as to whether these damages are equitable or legal in nature would remain a borderline question, as it did in *Acushnet*, given that *culpa in contrahendo* encompasses, not only out-of-pocket expenses, but also damages for lost opportunities that are not speculative in nature. *Shelley v. Trafalgar House Public Ltd. Co.*, 977 F.Supp. 95 (D.P.R.1997). Given this premise, the court would still have to find the remedies legal in nature. In *Acushnet*, the court was not clear as to the nature of the remedy sought. Thus, the court followed the precedents favoring jury trials in close or doubtful cases and held that the remedies were legal in nature. *Acushnet*, 712 F.Supp.

at 1004 (citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) and Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2302 (1971)).[3] The federal policy is that, "when there is doubt, the balance is tilted in favor of jury trial." 8 James W. Moore, Federal Practice § 38.10[1][d] (3d ed.1997) (citing *Prudential Oil Corp. v. Phillips Petroleum Co.*, 392 F.Supp. 1018, 1022 (S.D.N.Y.1975)). Therefore, considering the existing federal policy that strongly favors jury trials, the court would still hold that the *culpa in contrahendo* remedies in this case are legal in nature.

## IV. Conclusion

For the reasons stated above, the court holds that the *culpa in contrahendo* suit in this case is legal in nature because both the action and its remedies warrant said conclusion. Therefore, Plaintiffs are entitled to a jury trial; Defendants' Motion To Strike Jury is DENIED.

IT IS SO ORDERED.

---

3. The court stressed the importance of the right to jury trial in our democracy:

It is against this background that a demand for jury trial must be evaluated. It is true that the language of lawyers only invokes images of the dusty distinctions between the law courts and the chancellor sitting in equity, and that

the terms "legal" and "equitable" do not even hint at the important purposes the jury system serves. But no matter how tied Seventh Amendment analysis remains to historical practice, one cannot ignore the importance of the civil jury to modern political life. *Acushnet*, 712 F.Supp. at 1006.